## M. A. NYE, Respondent, v. B. W. TAYLOR, Appellant.

### (201 N. W. 694.)

**Taxation — vendor and purchaser — tender of deeds by purchaser from holder of tax certificate held not offer of substantial performance of contract.**

1. W. was the owner of certain tax sale certificates covering lots in the City of Stanley, North Dakota. Defendant contracted with him to buy his right, title and interest in and to the property described in the certificates and to accept in performance the certificates and quitclaim deeds to the property. W. assigned the contract and certificates to plaintiff, but made no deeds either to plaintiff or to defendant. Plaintiff thereafter procured tax deeds to himself on the certificates and tendered such unrecorded deeds, together with his own quitclaim deeds, to defendant in performance of the contract. Both the tax and quitclaim deeds conveyed lots in Wilson's Addition to Stanley, North Dakota. Defendant refused to accept the deeds, but assigned no reason for such refusal. Plaintiff, continuing the tender, sued to recover the contract price. *Held:*

That there was no offer to substantially perform on the part of the plaintiff because, first, there was no deed from W. either to plaintiff or to defendant; and, second, the property described in the deeds tendered was wholly different from that described in the certificates and the contract.

**Taxation — on offer of substantial performance, right of purchaser to object to title held not waived.**

2. That since there was no tender of substantial performance on the part of the plaintiff, there was no waiver by defendant of the right to object to the title tendered, because no reason for the refusal was given.

Opinion filed December 31, 1924.

Taxation, 37 Cyc. p. 1484 n. 20. Vendor and Purchaser, 39 Cyc. p. 1553 n. 82.

---

Note.—(1) Sufficiency of tender of performance by vendor, see 27 R. C. L. 461. (2) Failure to state reason for refusal as waiver of objection to title, see 27 R. C. L. 461.

Appeal from the District Court of Mountrail County, *Berry,* J. Reversed.

*F. F. Wyckoff,* for appellant.

"Ordinarily the purchaser is entitled to a conveyance from the vendor unless it is otherwise stipulated in the contract, and he cannot be required to accept a conveyance from a third person, *although the latter's deed could convey a good title."* 27 R. C. L. p. 520, § 249; McVeety v. Harvey Mercantile Co. 24 N. D. 264.; McGovern v. Hern (Mass.) 10 L.R.A. 815; Birmingham Matinee Club v. McCarty (Ala.) 13 L.R.A.(N.S.) 156; Paul v. Shaw (Kan.) Ann. Cas. 1913B, 956 and note; Buswell v. Kerr (Minn.) 21 Ann. Cas. 837.

"Under the pretense of construing a written contract, new terms cannot be added to it. The writing is only the outward and visible expression of the meaning of the parties to it, and not other words can be added to, or substituted for, those used. The duty of the court is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words expressed, but what is the meaning of the words they used." Johnson v. Kindred State Bank, 12 N. D. 341.

*George W. Olson,* for respondent.

NUESSLE, J. In January, 1916 the defendant B. W. Taylor executed and delivered to F. H. Wellcome the following writing:

"For and in consideration of the sum of $1.00 to me in hand paid by F. H. Wellcome, I covenant and agree that I will purchase of the said Wellcome all his right, title and interest in and to all or any of the properties described below within ninety days after issuance of notice of expiration of time of redemption or certificate or certificates covering said properties, which certificates are dated December 14, 1915, being for the taxes of 1914, and will pay said Wellcome therefor the amount of the 1914 tax with penalty; also the amounts of all subsequent taxes paid by him together with interest thereon at the rate stated in the certificate on the original tax certificate and at the rate of 12 per cent on the subsequent taxes from the respective dates thereof to date of payment, accepting from him the certificate or tax certificates and receipts with quitclaim deed or deeds to the properties.

52 N. D.—12.

Dated at Stanley, North Dakota, this 13th day of January, A. D. 1916.

(Signed) B. W. Taylor."

Then followed a list of the various tracts bought.

There is no controversy as to the facts. It appears that at the December, 1915 tax sale for Mountrail County the defendant acted as the agent for Wellcome in purchasing tax sale certificates. Taylor bought in certain city and village property contrary to the terms of his authority as such agent. As a result differences arose between him and Wellcome. These differences were finally settled by the execution and delivery of the writing hereinbefore set out. Thereafter, during several years, Wellcome paid the taxes on the properties thus bought. In November, 1920 he assigned the contract so entered into to the plaintiff Nye. Wellcome at the same time assigned the tax sale certificates to Nye and Nye applied for and procured tax deeds to himself for the properties. Thereafter Nye tendered the unrecorded tax deeds so issued to him together with his own quitclaim deeds to the lots in question to the defendant and demanded that the defendant carry out the terms of the contract and pay to him the amounts due thereunder. Defendant refused to accept the deeds from Nye and to pay as demanded. Thereupon Nye brought this action to recover the amount claimed to be due, tendering the tax deeds received by him together with his own quitclaim deeds to the defendant. Wellcome did not execute any quitclaim deeds either to Nye or to Taylor. The evidence is that it does not appear from the records in the office of the clerk of court or the register of deeds of Mountrail County that Wellcome had or has any interest in and to the properties involved other than that growing out of the purchase of the tax sale certificates. The contract describes and the tax sale certificates cover lots in the City of Stanley, while the tax deeds and the quitclaim deeds issued by Nye and which were tendered cover lots of the same description in Wilson's Addition to Stanley, North Dakota. This discrepancy in descriptions was not noted at the time of the trial, but that point is now made.

The plaintiff in his complaint set out the fact of the agency relationship between Taylor and Wellcome; the purchase of the tax certificates contrary to authority; the making of the agreement in settlement of the difference between them on account thereof; the payment

of the subsequent taxes; the assignment of the contract and certificates to the plaintiff; the issuance of the tax deeds and the tender thereof together with Nye's quitclaim deeds to the defendant; the demand on the defendant for the payment as provided by the contract and the refusal of the defendant to accept the deeds and to make such payment. To this complaint the defendant interposed a general denial. The cause was tried to the court without a jury. The court made findings of fact favorable to and ordered judgment for the plaintiff and judgment was entered thereon. From this judgment the defendant now appeals.

The defendant on this appeal contends that the judgment is erroneous for the reason, first, that the contract called for an assignment of the tax certificates and for the quitclaim deeds of Wellcome; that the tender made by the plaintiff was a tender of tax deeds issued to the plaintiff and of quitclaim deeds made by the plaintiff and not by Wellcome; and, second, for the reason that the quitclaim deeds so tendered by the plaintiff covered lots in Wilson's Addition to the City of Stanley and not lots in the City of Stanley. The plaintiff, on the other hand, contends that the contract made between Taylor and Wellcome was a contract to protect Wellcome on account of the unauthorized acts of Taylor in the purchase of the certificates; that it contemplated that, should there be no redemption from such tax sales and the property go to deed, Taylor would take the property from Wellcome and make Wellcome whole on account of the monies paid; that the certificates and contracts having been assigned to the plaintiff and Taylor having refused to take up the certificates and the same having gone to deed, the contract will be carried out and its purpose effectuated by a transfer of the certificates or the deeds into which they ripened together with the quitclaim from the plaintiff; that it does not appear that Wellcome had or has any other interest in and to the property involved than that growing out of the tax sale purchases and that Taylor is, therefore, getting all that the contract contemplated; that in any event the tender was not refused on the ground that there was not a literal compliance with the terms of the contract by reason of the fact that the quitclaim deed was from Nye rather than from Wellcome and that no objection on this score was raised by answer or at any time until the trial was had; that the discrepancy in the descriptions of the property involved

is the result of mere clerical error and misdescription and can and will be corrected.

Thus, it is at once seen that the questions are (1) as to whether there was a substantial compliance with the contract on the part of Taylor by a tender of the quitclaim deed from himself rather than from Well-come, Wellcome not having deeded to Taylor; (2) whether there was a waiver on the part of Taylor of the right to object to a deed from Nye by reason of his failure to make such objection at the time of the tender of the deeds in the first instance or at any time thereafter by answer or otherwise prior to the time of trial; and (3) whether the misdescription of the property in the instruments tendered will defeat a recovery on the part of the plaintiff in this action.

We are of the opinion that the tender as made by the plaintiff was not a substantial compliance with the requirements of the contract. The contract is in writing. The parties had a right to make such contract as they saw fit. The writing must control if the intent and purpose of the parties thereto can be ascertained from the same. As we read the instrument, while it appears therefrom that its purpose was to make Wellcome whole on account of any monies that he might pay in the purchase of the certificates or as subsequent taxes, it also appears that Taylor was to be afforded some protection. He was, in addition to the tax certificates, to have the quitclaim deeds from Wellcome. It is true that the evidence is to the effect that there is nothing on the records in the offices of the register of deeds or clerk of court to indicate that Wellcome at any time had any other interest in the properties covered by the tax certificates than was obtained through the purchase of those certificates, yet, for all that appears, there may have been and may be some claim or possibility of claim which Taylor desired to protect himself from and, therefore, the stipulation that he should have the quitclaim deeds. We are not permitted to speculate as to what might be or what might not be. We must take the contract as we find it and measure its compliance by the facts as they are shown. The plaintiff argues that under the terms of the contract all that Taylor was to have was a quitclaim deed from Wellcome; that he was tendered a quitclaim deed from Nye and that it does not affirmatively appear that the title will not be as good thus deraigned as though there were a quitclaim from Wellcome to the defendant or from Wellcome to Nye. We.

do not think that this position is well taken. The case of Meyers v. Markham, 90 Minn. 230, 96 N. W. 335, 787, is relied on by the plaintiff as an authority in his favor. We take no exception to the reasoning in that case, but the facts distinguish it from the instant case. In that case there was a deed from Ogren to Meyers, and Markham, through the quitclaim from Meyers, obtained everything in the way of title that his contract contemplated.

Furthermore, the description of the property conveyed, both in the tax deeds from Mountrail county to Nye and in the quitclaim deeds from Nye to Taylor, is wholly different from that in the certificates and in the contract. The former conveyed lots in Wilson's Addition to Stanley, North Dakota; the latter cover lots in the City of Stanley, North Dakota. Plaintiff concedes that the City of Stanley and Wilson's Addition to Stanley were both platted, but he urges that the misdescription is simply a clerical error and can be corrected. The error, if it be error, is substantial. It may be an undertaking of some magnitude to make the correction. Certainly, the defendant was within his rights in refusing to accept deeds conveying property that he had not contracted to buy.

Neither do we think that there was any waiver on the part of Taylor of his right to object to the deeds as tendered by reason of his failure to make that objection at the time of the tender or thereafter by answer prior to the time of the trial. Since there was no substantial compliance, there could be no waiver under the circumstances as shown.

The judgment must be reversed and a new trial ordered.

BRONSON, Ch. J., and JOHNSON, BIRDZELL and CHRISTIANSON, JJ., concur.